United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff | ) | |
| v. | ) | Criminal Case No. 21-20558-CR-Scola |
| Sofia Ponce, Defendant. | ) | |

# **Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Sofia Ponce's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 294.) The Government has responded opposing Ponce's motion. (Resp., ECF No. 297.) After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Ponce's motion for reduction of sentence. (**Mot., ECF No. 294**.)

## 1. Background

On October 31, 2022, Ponce was sentenced to 120 months of imprisonment after pleading guilty to one count of conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, 100 grams or more of a mixture containing heroin, and a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. § 846. (ECF Nos. 81, 82, 186.) The Court determined at sentencing that a 10-year mandatory minimum sentence applied, but that the Sentencing Guidelines range was 53 to 78 months based on an Offense Level of 25 with a Criminal History Category of II. On June 20, 2023, the Court granted the Government's Rule 35 motion and amended the judgment to reduce Ponce's sentence to 44 months of imprisonment. (ECF No. 282.)

Since Ponce's sentence was reduced, a sentencing adjustment for certain zero-point offenders ("Amendment 821") has gone into effect, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Ponce now seeks retroactive application of Amendment 821 to the Court's amended judgment sentencing her to 44 months in prison.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2)

is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*. 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the

offense. *See* 18 U.S.C. § 3553(a).

**3. Analysis**

As noted, the retroactive amendment that Ponce invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in her offense level, if she meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

Ponce plainly fails to meet the first of Amendment 821's eligibility requirements—*i.e.*, that she "did not receive any criminal history points." She received three criminal history points, placing her in Criminal History Category II. Thus, because Ponce plainly does not satisfy all the requisite criteria for a two-level reduction in her offense level, the motion must be denied.

Because Ponce does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

**4. Conclusion**

Accordingly, based on the foregoing, it is hereby **ordered and adjudged**

that Ponce's motion for reduction of sentence is **denied**. (**Mot., ECF No. 294**.)

**Done and ordered** at Miami, Florida on March 20, 2024.

Robert N. Scola, Jr.
United States District Judge